UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| KUNLE ADEYINKA,<br>Institution ID No. 32805-177,<br><br>Plaintiff,<br><br>v.<br><br>EMERALD CORRECTIONAL<br>MANAGEMENT, et al.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br>CIVIL ACTION NO.<br>1:09-CV-054-BI<br>ECF<br><br>Referred to United States<br>Magistrate Judge |

**REPORT AND RECOMMENDATION**

Plaintiff, proceeding *pro se* and *in forma pauperis* filed his complaint under 42 U.S.C. § 1983 on April 7, 2009 (Doc. 1). This court treats the complaint as filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See Stephenson v. Reno*, 28 F.3d 26, 26 n.1 (5th Cir. 1994). By order dated April 28, 2009, this case was transferred to the docket of United States Magistrate Judge Philip R. Lane for screening pursuant to 28 U.S.C. §§ 1915 and 1915A. On May 12, 2009, the court set an evidentiary hearing for July 21, 2009, pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and 28 U.S.C. § 1915 (Doc. 14).

Plaintiff, who was previously confined to Rolling Plains Regional Jail ("Rolling Plains"), and whose present place of confinement is unknown, alleges that officials of Rolling Plains retaliated against him for a previous civil action by denying him shower shoes and by housing him in segregation. Plaintiff has not consented to having the United States magistrate judge conduct all further proceedings in this case under 28 U.S.C. § 636(c). Plaintiff filed a motion on June 3, 2009, indicating that he wished to voluntarily dismiss this case without prejudice. On April 29, 2009, and

on May 6, 2009, mail sent to the Plaintiff by the court was returned as refused by the inmate. Plaintiff did not appear at the July 21, 2009, hearing, and the court learned that Plaintiff was no longer confined to FCI Seagoville, although Plaintiff's precise location was not determined.

The court thus makes findings of fact, conclusions of law, and a recommended disposition to the United States district judge as herein provided.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

In his complaint Plaintiff claims that:

1. While confined to Rolling Plains, Plaintiff asked for a pair of shower shoes.

2. The intake officer became irritated and "stigmatized [Plaintiff] as trouble maker because of a pending law suit."

3. The intake officer took Plaintiff's ID card and issued him a new ID card which indicated a housing assignment in segregation.

4. On June 3, 2009, Plaintiff filed a motion to withdraw his case and dismiss the complaint without prejudice.

## II.   ANALYSIS

In both proceedings *in forma pauperis* and civil actions brought by a prisoner against a governmental entity, officer, or employee, the court is required under 28 U.S.C. §§ 1915-1915A to dismiss the complaint or any portion of the complaint if the complaint is frivolous or malicious or fails to state a claim on which relief may be granted. These provisions thus apply to this *in forma pauperis* prisoner civil rights action. *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir. 1999). "An [*in forma pauperis*] complaint may be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) if it has no arguable basis in law or in fact." *Ruiz v. United States*, 160 F.3d 273, 274-75 (5th Cir. 1998). A claim has no arguable basis in law or fact if it is based on an indisputably meritless legal theory or if, after providing the plaintiff the opportunity to present additional facts

when necessary, the facts alleged are clearly baseless. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). The court is authorized *sua sponte* to test whether the proceeding is frivolous or malicious even before the service of process or before an answer is required to be filed. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990); *see also* 42 U.S.C. § 1997e(c)(1). A questionnaire or evidentiary hearing may be used to assist the court in determining whether the case should be dismissed under these provisions. *See Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976) (use of questionnaire to develop the factual basis of the plaintiff's complaint); *Spears,* 766 F.2d 179 (use of an evidentiary hearing).

**A.     Failure to Comply with the Court's Orders**

The docket reflects that Plaintiff has twice refused mail sent from the court. Plaintiff did not appear at the *Spears* hearing scheduled in this case, is no longer at FCI Segoville, and has failed to notify the court of his current address. It appears that Plaintiff has been transferred without advising the court of his new address, as required by LR 83.13 and LR 83.14 of the Civil Local Rules of the District Court for the Northern District of Texas. The rules require that a *pro se* party, like an attorney, must apprise the court of any address change. Plaintiff has, therefore, severed contact with the court. Plaintiff's failure to comply with the court's orders or with FEDERAL RULE OF CIVIL PROCEDURE 41(b), which provides that the court may dismiss an action "[f]or the failure of the plaintiff to prosecute or comply with these rules or any order of the court," demonstrates a manifest lack of interest in litigating his claims.

A district court has the inherent authority to dismiss an action for failure to prosecute, with or without notice to the parties. *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31(1962)); *Rogers v. Kroger Co.*, 669 F.2d 317, 319-20 (5th Cir. 1982); *see also Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir.1998).

Plaintiff has also asked that his complaint be dismissed voluntarily without prejudice. Plaintiff has severed contact with the court, has failed to comply with the orders of the court, and has indicated his own wish to have his complaint dismissed.

The court finds that Plaintiff has failed to keep the court apprised of his address and appears to have refused mail sent by the court. Plaintiff has thus severed contact with the court and has demonstrated a manifest lack of interest in prosecuting his claims. This is further underscored by Plaintiff's motion to this court seeking the withdrawal of his lawsuits. The court finds that Plaintiff's motion to dismiss is well-taken and recommends that Plaintiff's complaint be dismissed without prejudice.

### III. CONCLUSION, RECOMMENDATION, AND TRANSFER

The court has considered Plaintiff's allegations in his complaint and in his motions, as well as the applicable law, and recommends that the United States district judge take the following actions: **DISMISS WITHOUT PREJUDICE** Plaintiff's complaint and claims against all Defendants in his complaint pursuant to Fed. R. Civ. P. 41(a)(2) and 41(b).

**IT IS ORDERED** that any pending non-dispositive motions not otherwise addressed above are **DENIED**.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file

specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

A copy of this order shall be sent by first class mail to all parties appearing *pro se* and to any attorney of record by first class mail or electronic notification.

Dismissal of this action does not release Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee previously imposed. *See Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

**IT IS ORDERED** that the transfer of this case to the United States magistrate judge is terminated, and the case is hereby transferred to the docket of United States District Judge Sam R. Cummings.

DATED this 14th day of August, 2009.

_____
**PHILIP R. LANE**
**UNITED STATES MAGISTRATE JUDGE**